NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY *v.* A. H.
WILLIAMS *et al.*

(*Nashville,* December Term, 1931.)

Opinion filed March 5, 1932.

W. B. LAMB, JR., FITZGERALD HALL, FRANK SLEMONS, WALTON WHITEWELL and WM. A. MILLER, for plaintiff in error.

FRANK L. LYNCH, for defendants in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Two cases tried together resulted in verdicts and judgments for Curtis Williams and A. H. Williams. The Court of Appeals affirmed and the railway filed petition for *certiorari* to review and reverse the judgments. The question raised by the petition and assignments of error involve neither the pleadings nor proof. The only error assigned is directed to the action of the Court of Appeals in refusing to sustain the assignment of error to the action of the circuit judge in refusing to set aside the verdict because of the disqualification of a juror.

It was shown by affidavits in support of the motion for new trial that juror Bob Williams and the plaintiff A. H. Williams were related within the sixth degree. This being true, the juror Bob Williams was disqualified under the provisions of section 5814, Shannon's Code.

The undisputed facts are that before and during the trial neither Bob Williams nor A. H. Williams knew of the relationship, nor did counsel for defendant railway know it or have means of ascertaining the fact before verdict. Upon the *voir dire* the juror Bob Williams, along with other jurors, was asked whether he was related to either of the plaintiffs by blood or marriage and his answer was, "I am a Williams and they are named Williams, but if we are any kin I do not know it." He further stated that he was not acquainted with A. H. Williams until the trial; that he did not know Curtis

Williams; that he had no interest or feeling whatever in the case; and after the trial testified that he was not biased or influenced by relationship, being ignorant of its existence.

It is insisted on behalf of the railway that the fact of relationship raised a presumption of bias for which the verdict should have been set aside.

By common law jurors were subject to challenge *propter affectum,* upon a *prima-facie* case justifying suspicion of malice or favor, ''as, that a juror is of kin to either party within the ninth degree; that he has been arbitrator on either side; that he has an interest in the cause; that there is an action pending between him and the party; that he has taken money for his verdict; that he has formerly been a juror in the same cause; that he is the party's master, servant, counsel, steward or attorney, or of the same society or corporation with him: all these are principal causes of challenge, which, if true, cannot be overruled.'' And also to challenge *propter defectum*: ''As if a juryman was alien born, that is defect of birth; if he be a slave or bondman, that is defect of liberty; for defect of estate sufficient to qualify him.'' Blackstone, Book III, chap. 13, p. 279.

Our cases do not make the foregoing distinction but refer to relationship as ground for challenge or for disqualification, *propter defectum,* wherein the right to challenge ends when the juror is accepted and sworn.

The rule to be deduced from the authorities is that the judgment will not be reversed on appeal in error unless it can be inferred that the accused suffered injustice or injury because of the relationship; and that bias of the juror, ignorant of the relationship until after the verdict, cannot be presumed. In other words, tech-

nical disqualification subsequently discovered and unattended by showing of bias or prejudice does not annul a verdict, especially where the complaining party was given fair opportunity by the trial judge to examine the jurors and after examination accepted the jury and proceeded to a verdict.

In *Cartwright* v. *State,* 12 Lea, 620, one of the jurors was of kin to the defendant within the prohibited degree but neither the juror nor the defendant knew it when the juror was accepted. The court said, ''This species of disqualification, *propter defectum,* must be taken advantage of before the jury is sworn, although the prisoner is ignorant of it.'' In support of this proposition the court referred to *McClure* v. *State,* 1 Yerg., 206; *Gillespie* v. *State,* 8 Yerg., 506; *Ward* v. *State,* 1 Humph., 259; *Calhoun* v. *State,* 4 Humph., 477. In these cases the disqualification, *propter defectum,* was made upon a showing that the juror in one case was an atheist, in the other that the juror had served on the grand jury that presented the indictment, and in the other that the jurors were not freeholders of the county.

In *Hamilton* v. *State,* 101 Tenn., 419, Judge WILKES, speaking for the court, adopted the rule announced in *Cartwright* v. *State,* saying:

''It is conceded that the juror was related in the sixth degree to the prosecutor. The juror was therefore incompetent. Can this avail the defendant on his motion for a new trial and on appeal to this court? If the juror serves on the same it is ground for a new trial if the partiality was unknown to the defendant when the juror was sworn, but if the fact is known to the defendant and no objection is made before the jury is sworn, it is not ground for new trial. But our cases are uniform, that after the jury is sworn new trial cannot be granted be-

cause of the want of the general qualification of the juror *propter defectum,* and this is held even though the defendant was ignorant of the fact when the juror was selected.''

In referring to *Cartwright* v. *State,* the court said it was directly in point and drew the distinction between the cases when a juror is incompetent *propter defectum* and when he is incompetent because he has prejudged the case. The court said: ''It might have been within the sound discretion of the trial judge to have granted a new trial upon this or any other ground which, in our opinion, prejudiced the defendant's right to a fair and impartial trial, but there appeared no evidence of partiality to the prosecutor, or collusion with him, or of prejudice against the defendant in the selection of this juror, and in denial of the relationship to the prosecutor, as it is made to appear that he mistook the name of the prosecutor when it was called upon his examination, and moreover the fact of relationship was of so little consequence to him that he could not state whether he was related or not except from rumor or hearsay.'' See *Manning* v. *State,* 155 Tenn., 272.

The cases of *Cartwright* v. *State* and *Hamilton* v. *State* are directly in point and control the decision of the Court of Appeals. Without overruling these two cases, the Court of Appeals cannot be reversed. Since it cannot be conceived that defendant was injured by a relationship unknown to the parties until after the verdict, we are constrained to concur.

Writ denied.